74 F.3d 1242
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
UNITED STATES of America, Plaintiff-Appellee,
v.
Emanual L. GOULD, Defendant-Appellant.
 No. 95-1856.
 United States Court of Appeals, Seventh Circuit.
 Argued Dec. 12, 1995.
Decided Jan. 17, 1996.
 
 Before POSNER, Chief Judge, and ESCHBACH and DIANE P. WOOD, Circuit Judges.
 
 ORDER
 
 1
 Following a jury trial, Emanual Gould was convicted of possession of crack cocaine with the intent to distribute and sentenced to 72 months of imprisonment and four years of supervised release. Gould raises two challenges to his conviction and sentence. First, he contends that he should have been sentenced for "cocaine" rather than "cocaine base." Second, he argues that the jury should have been allowed to determine whether the substance he possessed was cocaine or cocaine base.
 
 
 2
 I. Sentencing for Cocaine versus Cocaine Base
 
 
 3
 Gould argues that there is no scientifically meaningful distinction between crack and powder cocaine. Thus, he contends that the rule of lenity should apply and he should receive the lesser penalties mandated for "cocaine" rather than the enhanced penalties that apply to offenses involving "cocaine base."
 
 
 4
 As Gould's counsel admitted at oral argument, this claim is foreclosed by our recent decision in United States v. Booker, 70 F.3d 488 (7th Cir.1995). In Booker, we observed that crack cocaine and powder cocaine are different substances with different chemical formulas. Booker, 70 F.3d at 490-91. Powder is cocaine hydrochloride, a salt of cocaine, while crack is a form of freebase cocaine. Id. Crack has a lower melting point, which makes it smokable, id. at 491, while powder must be ingested, snorted, or injected. Id. We stated further that the enhanced penalties for crack are supported by a rational basis: smokable cocaine is more potent and addictive than other forms of the drug, and the crack trade is associated with a greater level of violence. Id. at 494 n. 24.[1] Thus, the sentencing provisions for crack and powder cocaine are not ambiguous, so the rule of lenity does not apply.
 
 II. Jury Instruction for Cocaine
 
 5
 At the close of the trial, the district court instructed the jury that, in order to convict Gould, it must find (among other things) that he "possessed cocaine base with the intent to distribute it." Gould requested an alternative instruction that would allow the jury to convict him of possession of cocaine rather than cocaine base. The district court denied this request. Gould seeks a new trial in which the jury will be allowed to determine the nature of the drug that he distributed.
 
 
 6
 Gould was convicted under 21 U.S.C. Sec. 841(a), which makes it illegal to "possess with intent to manufacture, distribute, or dispense a controlled substance." 21 U.S.C. Sec. 841(a)(1). The nature of the controlled substance (e.g., cocaine or cocaine base), like the amount of the substance involved, is not a jury question but rather is determined by the court at sentencing. See United States v. Trujillo, 959 F.2d 1377, 1383 (7th Cir.), cert. denied, 113 S.Ct. 277 (1992). Moreover, even if the type of drug involved is a question within the province of the jury, there was no evidence presented that would support an instruction for cocaine. A defendant is not entitled to a jury instruction unless it is supported by the evidence. United States v. Boyles, 57 F.3d 535, 543-44 (7th Cir.1995); United States v. Curley, 55 F.3d 254, 257 (7th Cir.), cert. denied, 116 S.Ct. 190 (1995). All of the evidence presented at trial indicated that Gould possessed crack cocaine. Thus, the only appropriate instruction was one for cocaine base.
 
 
 7
 In conclusion, the sentencing provisions for crack and powder cocaine are not ambiguous, and Gould was not entitled to a jury instruction for possession of cocaine. Gould's conviction and sentence are
 
 
 8
 AFFIRMED.
 
 
 
 [1]
 Although the terms "cocaine" and "cocaine base" have the same scientific meaning, Booker, 70 F.3d at 490, both Congress and the Sentencing Commission intended the penalties for "cocaine base" to apply to crack and the penalties for "cocaine" to apply to all other forms of cocaine. Id. at 494; cf. U.S.S.G. Sec. 2D1.1; U.S.S.G. App. C, Amendment 487